JERRY STASI, AND IN THE ALTERNATIVE FRANCES BRUNO, APPELLANTS, v. JENNIE NIGRO, RESPONDENT.

Submitted February 14, 1947—Decided April 24, 1947.

For the appellants, *George L. Lombardi.*

For the respondent, *Chandless, Weller & Kramer (Julius E. Kramer).*

The opinion of the court was delivered by

BODINE, J. In this suit the plaintiff sought to recover $1,000 paid as a deposit for the purchase of the respondent's property in Long Branch. The payment is evidenced by the following writing: "March 6, 1946 Received from: Mr. Jerry Stasi, 58 Ridge Ave. W. Orange, N. J. $1,000 dollars in cash for deposit on property located at 31 N. Bath Ave., Long Branch, N. J. Balance $17,000 dollars will be paid on or about April 1st, 1946."

The proofs were confusing and conflicting. The learned trial judge charged the jury as follows: "If you feel that the receipt embodied the final understanding of the parties and was the first and final contract, the plaintiff could not recover. Further, if you find as a fact that there was something more to be done, that contracts were intended and they were not signed, then there was no meeting of the minds, and [the plaintiff] is entitled to recover." It found a verdict of no cause of action. To have reached that conclusion, under the

instructions of the trial court, it must have been found, as it could have been found, that the above writing was the first and final contract made by the parties and that the plaintiff had not performed in due course by the payment of the balance of $17,000 on or about April 1st, 1946.

The appellants' argument is that the deposit should have been returned in the absence of a valid and enforceable contract under the statutes of fraud. *R. S. 25:1–5*. This argument overlooks the facts. The agreement itself is not uncertain. It mentions a specific property, the amount to be paid therefor and the date of the payment. So long as the vendor is willing to carry out his contract by making the conveyance, no action is maintainable to recover back a consideration voluntarily paid. *Eaton v. Eaton, 35 N. J. L. 290.* If the jury had found something more was to be done than the contract provided, then the appellants would have been entitled to recover. The judge so charged. The proofs being in conflict it was the court's province to submit the issue to the jury; but the court's charge was not challenged at the trial and it is too late to raise any objection to it not pointed out at that time.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15.

*For reversal*—None.